UNITED STATES DISTRICT COURT
Southern District of Florida

Case No: 0:14-cv-60223-RLR

WALTER MILLER and MARY FRANK,

    Plaintiffs,
vs.

PATRICIA COMERY,

    Defendant,
_____

PATRICIA COMERY,

    Counter-Plaintiff,
vs.

WALTER NICHOLAS MILLER, MARY FRANK,
and KENVILLE CHAMBERS,

    Counter-Defendants.
_____/

### **DEFENDANT'S MOTION TO DISMISS FOR FRAUD UPON THE COURT**

COMES NOW, Defendant Patricia Comery, by and through the undersigned counsel, and hereby files this Motion to Dismiss for Fraud Upon the Court pursuant to Federal Rules of Civil Procedure 11, 26, 37, and 41. The Defendant seeks the dismissal of Plaintiff Walter Miller's case due to his fraud upon the Court, which has affected the Court's ability to impartially adjudicate this matter by unfairly hampering the Defendant's presentation of her defenses to Miller's claim.

*I.*     *Background*

This negligence action arises out of a November 2013 motor vehicle accident in which a car driven by Plaintiff Walter Miller ("Miller") was involved in a collision with a vehicle driven by Defendant Patricia Comery ("Comery"). Miller claims that he suffered a cervical spine injury as a result of this accident, which manifested itself as pain, weakness, numbness and restricted

motion to all four extremities.

After Miller filed his complaint, undersigned counsel propounded written interrogatories and took his deposition of Miller in order to determine his physical condition both before and at the time of the accident. Miller also appeared for a Rule 35 physical examination with orthopedic physician Dr. Stephen Jacobs, where he was also asked questions regarding his physical condition preceding the accident.

In his sworn responses to interrogatories, his deposition testimony, and his conversation with Dr. Jacobs, Miller denied suffering from injuries or symptoms of the type placed at issue in this lawsuit prior to the subject motor vehicle accident. Miller also stated in his sworn testimony that he had been seen by less than 10 physicians in the five years preceding the accident, and that he had never been admitted to a hospital for any reason. Finally, Miller stated that the subject motor vehicle accident was the only injury-producing incident that he had been involved in during his adult life.

Following Miller's deposition, the Defendant received records from Medicare which indicated that Miller had been seen by over 50 medical providers that had not previously been disclosed to the undersigned counsel. Third-party subpoenas sent to these medical providers yielded records that showed Miller had been treated at local hospitals for symptoms almost identical to those placed at issue in the subject lawsuit as recently as 2010. These records also showed that Miller had intentionally misrepresented his medical history to Dr. Jacobs during the Rule 35 examination. Finally, these records showed that Miller had previously been involved at least one other injury-producing accident in 2009 involving a broken leg.

As a result of Miller's misrepresentation of his medical history, his intentional concealment of prior treating physicians, and his failure to update his responses to the

Defendant's discovery requests despite knowing that his prior responses were incomplete and inaccurate, the Defendant is requesting that this Honorable Court strike his pleadings and dismiss his complaint with prejudice. In support of this request, the Defendant relies upon the following memorandum of law and argument.

## II.   Statement of Facts

In her interrogatories, the Defendant asked Miller if he was "suffering from any physical infirmities, disabilities, or sicknesses at the time of the incident described in the Complaint." *See* Defendant's interrogatories to Miller, attached hereto as Exhibit A, at pg. 3. In response, Miller stated "no." *See* Miller's responses to interrogatories, attached hereto as Exhibit B, at pg. 3.

At his deposition, Miller was asked if he suffered from any medical conditions prior to the subject accident other than arthritis. *See* Walter Miller's deposition transcript, attached hereto as Exhibit C, at pg. 25:4-7. In response, Miller stated "none." Id. at pg. 25:8. Miller was then asked if he had "ever been seen at a hospital or treated at a hospital for any reason," other than one admission to a hospital in the 1960s for hemorrhoid-related treatment. Exhibit C at pg. 68:5-8. In response, Miller stated "no." *Id*. at pg. 68:9.

Mr. Miller was also asked what health care providers he had seen "before the accident in this case, besides Dr. Richard Elias, Dr. Galais, Howard Estrand, and this doctor who you saw for a couple of weeks in Hollywood on the Circle?" *Id*. at pg. 67:4-7. In response, Miller stated "that was it." *Id*. at pg. 67:10. Miller's Rule 26 disclosures listed only two medical treatment providers; Broward General Medical Center and HealthSouth Rehab Hospital, neither of which

had seen Miller prior to the subject motor vehicle accident.[1] After Miller's deposition, the Defendant obtained medical and billing records from First Coast Service Options, the State of Florida's Medicare service provider. These records, attached hereto as Exhibit D, contained over 50 medical providers that had not been disclosed to Defendant's counsel.

One of these non-disclosed treatment providers was University Hospital and Medical Center, from which the Defendant obtained records via third-party subpoena. These records are attached hereto as Exhibit E. An August 31, 2010 record from University Hospital and Medical Center showed that Miller had been admitted to the emergency room with complaints of "severe neck pain [and] bilateral upper extremity weakness;" these complaints are similar, if not identical, to those being claimed in the subject case. *See* Exhibit E at pg. 23. These medical records also indicate that the Plaintiff had been diagnosed with "severe spinal stenosis" and "degenerative disc disease at multiple levels" in his cervical spine. *Id*. at pg. 38.

Another non-disclosed treatment provider was Family Medicine of Margate, from which the Defendant obtained records via third-party subpoena. These records are attached hereto as Exhibit F. The first record, dated November 5, 2008, contains complaints of "chronic back pain [and] severe pain that radiates down both thighs to [his] feet." *Id*. at pg. 7. The second record, dated March 23, 2009, states that Miller had complained of "back pain [for] four months." *Id*. at pg. 5. A third record (which was undated but was placed in sequence after the March 23, 2009 record by the medical provider) indicates that Miller complained of "low back pain [and] knee pain." *Id*. at pg. 2.

---

[1] Despite the requirements of Rule 26(e), neither Miller's initial Rule 26 disclosures nor his responses to the Defendant's interrogatories have been amended or updated to reflect his prior treatment providers and medical conditions.

Miller was also asked whether he had "ever been involved in any other type of accident or incident as an adult where you sustained physical injury?" Exhibit C at pg. 54:17-19. In response, Miller answered "no." *Id.* at 20. However, a third non-disclosed treatment provider was Northwest Medical Center, from which the Defendant obtained records via third-party subpoena. These records are attached hereto as Exhibit G. Northwest Medical Center's records showed that Miller had been admitted to the emergency room on June 4, 2009 as the result of a right lower leg fracture caused by a slip-and-fall accident on a boat. *See* Exhibit G at pgs. 7-9. Additionally, the Defendant obtained medical records from Dr. Steven J. Pangborn (yet another non-disclosed medical provider) via third-party subpoena; in a record dated January 2, 2012, Miller admits to Dr. Pangborn that he had broken his right leg. *See* medical records attached hereto as Exhibit H, at pg. 5.

Finally, Miller appeared for a physical examination pursuant to Fed. R. Civ. P. 35 on September 15, 2014. Redacted copies of Dr. Jacobs' reports are attached hereto as Composite Exhibit I.[2] At this physical examination, Dr. Stephen Jacobs asked Miller if he had any previous injuries or medical conditions which existed prior to November 2, 2013. *See* Exhibit I at pg. 2. Mr. Miller told Dr. Jacobs that the only medical conditions he experienced prior to November 2, 2013 were hypertension, diabetes, an ulcer, and urinary disorders; he further stated that he had never experienced numbness, weakness, or other problems with respect to his neck or back prior to November 2, 2013. *See id.* at pg. 2, pg. 6, and pg. 9.

---

[2] This motion will be supplemented with an affidavit from Dr. Jacobs as soon as possible.

### III.    *Memorandum of Law*

The representations Miller made in his Rule 26 disclosures, answers to interrogatories, deposition testimony, and physical examination by Dr. Jacobs are entirely inconsistent with his medical history as revealed by the Defendant's discovery efforts, such that his complaint should be dismissed as a result of his attempt to commit fraud upon this Court.

A party commits fraud upon the court when clear and convincing evidence demonstrates "that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989).

Where, as here, the fraud is central to the theory of the case, dismissal is an appropriate sanction. *See*, *e.g.*, *Ramey v. Haverty Furniture Companies, Inc.*, 993 So. 2d 1014 (Fla. 2d DCA 2008); *see also Vargas v. Peltz*, 901 F. Supp. 1572 (S.D. Fla. 1995). In *Ramey*, the plaintiff testified at deposition that he had never had a neck problem prior to the accident for which he was claiming damages. He also claimed that he had never had a head injury.

Upon learning that the plaintiff had previously complained of, and received treatment for, headaches, neck pain and lower back pain, the defendant filed a motion to dismiss the plaintiff's complaint for a fraud perpetrated on the court. The trial court held an evidentiary hearing on the motion to dismiss at which the plaintiff testified that he did not understand that his prior treatments were for his head or neck, but only for his back pain. The trial court concluded:

> The record that's been presented to me is that this plaintiff had a continuing problem with headaches which included neck problems, which included back pain that, apparently, spanned an eight-year period of time.

> This is not a one-shot incident where he had a headache one time, and I think that's where the latitude that plaintiffs are allowed is if it's a one-shot thing that happened over a short period of time, that's what the case law is talking about.
>
> * * *
>
> This is not a situation that has been presented on this record of a one isolated or two isolated incident[s] but, as it's been represented here, an eight-year period of time of at least 13 medical entries of complaints about neck, back pain, headaches, neck pain and a variety of treatments associated therewith.

*Id*. at 1017.

On appeal, the Second DCA upheld the dismissal, as they agreed with the trial court that the plaintiff's misrepresentations concerning his prior medical treatment were directly related to the central issue in the case and that such misrepresentations, by their very nature, unfairly hamper the presentation of the opposing party's defense. *See Id*. at 1020. Likewise, in *McKnight v. Evancheck*, 907 So.2d 699 (Fla. 4th DCA 2005), the court affirmed the trial court's order dismissing a complaint for fraud where the court found that the plaintiff had lied about his extensive medical history, which had a direct bearing on his claim for damages.

## IV.   Conclusion

Here, Miller's claim is for numbness, weakness, pain, and restricted motion in all four extremities as a result of a cervical spine injury. Miller presented himself as having never suffered a cervical spine injury prior to the subject motor vehicle accident. Miller also stated that he had never been admitted to a hospital since the 1960s, and had never been involved in an injury-producing incident prior to the subject motor vehicle accident.

The Defendant's independent discovery efforts revealed that these representations were false. It is important to note that the medical records proving the fraud were never provided to the Defendant's by Miller's counsel; rather, they were obtained via a third party subpoena. Without receiving the above-referenced records, the Defendant would never would have known

of Miller's extensive prior medical history.

By intentionally concealing this information in his deposition and offering up multiple misrepresentations that are directly related to the central issue in the case, Miller has attempted to interfere with the judicial system's ability to impartially adjudicate a matter by unfairly hampering the presentation of Defendant's defenses. As a result, his claim should be dismissed with prejudice.

**WHEREFORE**, Defendant Patricia Comery respectfully requests that this Honorable Court grant her and enter an order dismissing Walter Miller's complaint with prejudice, reserving jurisdiction to determine the amount of costs to which the Defendant is entitled as the prevailing party in this matter, together with such other relief as the Court deems appropriate under the circumstances.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Defendant's Motion to Dismiss for Fraud Upon the Court was sent on October 24, 2014 to all counsel or parties of record via CM/ECF.

**s/ Evan A. Zuckerman, Esq.**
Evan A. Zuckerman, Esq.
ezuckerman@florida-law.com
Florida Bar No.: 52974
Attorney for Defendant
**VERNIS & BOWLING OF BROWARD, P.A.**
5821 Hollywood Blvd.
Hollywood, FL 33021
Tel: (954) 927-5330; Fax: (954) 927-5320