UNITED STATES DISTRICT COURT
Southern District of Florida

Case No: 0:14-cv-60223-RLR

WALTER MILLER and MARY FRANK,

    Plaintiffs,

vs.

PATRICIA COMERY,

    Defendant,
_____

PATRICIA COMERY,

    Counter-Plaintiff,

vs.

WALTER NICHOLAS MILLER, MARY FRANK,
and KENVILLE CHAMBERS,

    Counter-Defendants.
_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF WALTER MILLER

COMES NOW Defendant Patricia Comery, by and through undersigned counsel, and pursuant to Local Rule 7.1(c) for the Southern District of Florida and Rule 56 of the Federal Rules of Civil Procedure, hereby files this Reply to Plaintiff Walter Miller's Response to her Motion for Summary Judgment.

**Background**

Plaintiff Walter Miller claims in his response that the Defendant's Motion for Summary Judgment should be denied on the basis due to the existence of disputed issues of material fact. However, since a review of the Plaintiff's Response reveals that the materials cited from the record either fail to establish the presence of a genuine material dispute of fact, or fail to cite to

admissible evidence to support the existence of a purported disputed fact, this Court should grant the Defendant's Motion for Summary Judgment. This Reply addresses below each of the arguments advanced by Plaintiff and why each fails.

I. *Plaintiff's citation to a Traffic Crash Report to assert Defendant was driving 5 mph over the speed limit cannot be considered admissible evidence in violation of Florida's accident report privilege, and the record is otherwise devoid of any admissible evidence that the Defendant was driving in excess of the speed limit*

In his response, Plaintiff Miller states that "Patricia Comery was driving over the speed limit, at the time of the accident", and as support cites to a traffic crash report prepared by the responding police officer to the accident. *See* Plaintiff Miller's response at ¶ 10. However, under Fla. Stat. § 316.066(4), a traffic crash report "…may not be used as evidence in any trial, civil or criminal." *See id*. Pursuant to Fed. R. Civ. P. 56(c)(2), the Defendant objects to reliance upon this report since it would be inadmissible in evidence. Other than the inadmissible traffic crash report, there is no competent evidence in the record in this case as to what the speed limit was on the road where the Defendant was driving at the time of the accident, nor which would otherwise establish that the Defendant was speeding.

Therefore, Plaintiff's contention that Defendant was speeding and/or otherwise violating traffic laws is not based upon facts in evidence and fails to establish the presence of a genuine material fact in dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Cortez III Serv. Corp. v. Nat'l Aeronautics & Space Admin.*, 921 F. Supp. 8, 11 (D.D.C. 1996) (all inferences drawn in favor of the non-moving party must be reasonable and based on some facts in evidence).

> II. *It is undisputed in the record that the Defendant applied her brakes prior to the Plaintiff's vehicle turning in front of her, and the fact that Plaintiff, who testified he never saw Defendant's car before the accident nor had any knowledge about the manner it was being driven, did not <u>hear</u> Defendant's car braking fails to establish a genuine dispute of fact*

Plaintiff Miller next states that summary judgment is improper because there is an issue of fact as to whether the "Defendant failed to break after noticing Plaintiff's vehicle." However, it is undisputed that the Defendant testified at her deposition that she "saw [Plaintiffs'] car stopped…and then as I got closer to [Miller], he turned right in front of me, and I blew my horn, and I slammed my brakes on…" *See* Patricia Comery's deposition transcript [DE 51-2] at pg. 63:11-19. In contrast, **Plaintiff Miller testified that he had no knowledge about the manner in which Defendant Comery was operating her vehicle at the time the accident occurred**. *See* Walter Miller's deposition transcript [DE 51-1] at pgs. 123:1-15. There is no evidence in the record that shows the Defendant's application of her brakes was audible; as such, and given Miller's complete lack of knowledge on the issue, the fact that he did not **hear** the Defendant apply her brakes prior to the accident fails to create a genuine dispute as to a material fact.

Furthermore, whether an accident could have been avoided through a driver's actions is as a topic for expert testimony under Florida law. *See Vitt v. Ryder Truck Rentals, Inc.*, 340 So. 2d 962, 965 (Fla. 3d DCA 1976) ("the purpose of the [expert's] experiments was to determine whether a man on a motorcycle at a given speed (which was testified to by the plaintiff and other witnesses) could effectively stop prior to, or otherwise avoid, the place of contact at the accident scene"); *see also Dempsey v. Shell Oil Co.*, 589 So. 2d 373 (Fla. 4th DCA 1991), *Segarra v. Mellerson*, 675 So. 2d 980 (Fla. 3d DCA 1996), *Hammond v. Jim Hinton Oil Co.*, 530 So. 2d 995 (Fla. 1st DCA 1988), *Redwing Carriers, Inc. v. Watson*, 341 So. 2d 1049 (Fla. 4th DCA 1977).

Case 0:14-cv-60223-RLR   Document 64   Entered on FLSD Docket 11/05/2014   Page 4 of 9

*Miller & Frank v. Comery / Comery v. Miller et al.*
Case No.: 0:14-cv-60223-RLR
Page **4** of **9**

Here, Plaintiff has failed to prove the existence of a genuine disputed issue of material fact. Additionally, Plaintiff has failed to show any evidence, expert or otherwise, that the Defendant could have avoided the subject accident notwithstanding the application of her brakes. As a result, the Plaintiff has failed to satisfy his burden to offer specific facts showing a genuine issue for trial into evidence, and the entry of summary judgment in the Defendant's favor is required as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

III. ***There Is No Genuine Issue of Material Fact as to Whether the Defendant Failed to Switch Lanes in Order to Avoid Striking Plaintiff's Vehicle***

Plaintiff Miller then states that there is a genuine issue of material fact as to whether the Defendant "failed to switch lanes in order to avoid striking Plaintiff's vehicle," suggesting that if such an action had occurred, the accident could have been avoided. However, Plaintiff Miller testified that he does not have any knowledge about what lane the Defendant was in at the time the accident occurred. *See* Walter Miller's deposition transcript [DE 51-1] at pgs. 123:8-11. More importantly, Plaintiff has admitted at deposition that he is unaware of anything the Plaintiff did or failed to do that caused the accident:

> **Q.  You have no knowledge about any act or omission by my client [Defendant] that caused or contributed to this accident occurring?**
> A.  No.  I'm sure she's a nice lady.
> **Q.  Thank you for that.**
> A.  Accidents happen.

*See* DE 51-1 at pg. 122:1-7.

To the extent Plaintiff now seeks to assert that the Defendant's failure to change lanes caused or contributed to the accident, the issue of whether an accident could have been avoided through a driver's actions is as a topic for expert testimony under Florida law. *See Vitt*, 340 So. 2d 962, *Dempsey*, 589 So. 2d 373, *Segarra,* 675 So. 2d 980, *Hammond*, 530 So. 2d 995, and

*Redwing*, 341 So. 2d 1049.  Here, where Plaintiff has failed to show any evidence, expert or otherwise, that the Defendant could have avoided the accident if she had changed lanes, the Plaintiff has failed to satisfy his burden to offer specific facts showing a genuine issue for trial into evidence, and the entry of summary judgment in the Defendant's favor is required as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

IV.   ***The fact that the Defendant, who resides out of state, is unfamiliar with local traffic laws, does not establish the presence of a genuine material dispute***

The Plaintiff next alleges that there is an issue of fact preventing entry of summary judgment because the "Defendant failed to become familiar with the local traffic laws." *See* Plaintiff's Response at pg. 2 and pg. 7.  However, the fact that Ms. Comery did not know the posted speed limit in the area where the accident occurred is not a fact in dispute.  Moreover, even taking that fact as true, Plaintiffs fails to show how that fact, standing alone, in any way tends to prove what caused or contributed to the accident occurring.  The record is as noted devoid of any evidence establishing the applicable speed limit in any event.  Simply stated, 'unfamiliarity with local travel laws' is insufficient to establish a genuine issue of material fact preventing the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

V.   ***The fact that Plaintiff failed to hear the Defendant's horn prior to the collision does not establish a genuine dispute precluding the entry of summary judgment***

Plaintiff Miller next states that summary judgment is improper because there is an issue of fact as to whether the "whether Defendant failed to warn Plaintiff prior to her colliding into Plaintiff."  However, the Defendant testified that she "saw a car stopped…and then as I got closer to [Miller], he turned right in front of me, and I blew my horn, and I slammed my brakes on…" *See* Patricia Comery's deposition transcript [DE 51-2] at pg. 63:11-19.  As previously

noted, Plaintiff Miller testified that he has no knowledge about the manner in which Defendant Comery was operating her vehicle at the time the accident occurred. *See* Walter Miller's deposition transcript [DE 51-1] at pg. 123:12-15. Moreover, he never saw the Defendant's car nor did he see the Defendant prior to the accident. *See id*. at pgs. 103:25 to 104:18. In light of Miller's lack of knowledge, the fact that he failed to hear the Defendant's horn prior to the accident fails to establish a material fact in dispute, and does not preclude the entry of summary judgment. Where the Plaintiff has failed to satisfy his burden to offer specific facts showing a genuine issue for trial into evidence, the entry of summary judgment in the Defendant's favor is required as a matter of law. *See Anderson* at 248.

## VI.   *There Is No Genuine Issue of Material Fact as to Whether Defendant Failed to React to Plaintiff's Activated Turning Signal*

Finally, Plaintiff Miller states that summary judgment is improper because there is an issue of fact as to whether the "whether Defendant failed to react to Plaintiff's activated turning signal." However, the Defendant does not dispute that she thought Plaintiff was going to turn from his position in the turn lane. Rather, she simply thought the Plaintiff was not going to turn his vehicle in front of hers. *See* Patricia Comery's deposition transcript, at pg. 64:5-6. Moreover, as referenced *supra*, whether a specific action or inaction would have prevented an accident from occurring is the province of expert testimony. *See Vitt*, 340 So. 2d 962, *Dempsey*, 589 So. 2d 373, *Segarra,* 675 So. 2d 980, *Hammond*, 530 So. 2d 995, and *Redwing*, 341 So. 2d 1049.

Here, Plaintiff here has failed to show any evidence, expert or otherwise, that the Defendant could have avoided the subject accident by simply "react[ing] to Plaintiff's activated turning signal." Therefore, the Plaintiff has failed to satisfy his burden to offer specific facts

showing a genuine issue for trial into evidence, and the entry of summary judgment in the Defendant's favor is required as a matter of law. *See Anderson* at 248.

VII. ***There Are No Facts Supporting Plaintiff's Assertion that the Defendant's Conduct Was Grossly Negligent or Intentional, so He is Not Entitled to Recover Punitive Damages***

In his Amended Complaint, Plaintiff Miller asserted that he was entitled to recover punitive damages as a result of the Defendant's conduct. *See* Plaintiffs' Amended Complaint [DE 6]. Under Florida law, a Defendant may be held liable for punitive damages if clear and convincing evidence proves that the Defendant acted with gross negligence or participated in intentional misconduct. *See* Fla. Stat. §768.72(2).

There has been no evidence offered in the case at bar, let alone clear and convincing evidence, which would prove that the Defendant intentionally struck the Plaintiff's vehicle, or that she acted with gross negligence. As the Plaintiff has failed to show "(1) the existence of a composite of circumstances which, together, constitute an imminent or clear and present danger amounting to more than the normal and usual peril; (2) a showing of chargeable knowledge or awareness of the imminent danger; and (3) an act or omission occurring in a manner which evinces a conscious disregard of the consequences," he has failed to satisfy his burden to offer specific facts showing a genuine issue for trial into evidence on the issue of his punitive damages claim, and the entry of summary judgment in the Defendant's favor on this issue is required as a matter of law. *See Cortes v. Honeywell Bldg. Solutions SES Corp.*, No. 14-20429-CIV, 2014 WL 3938849, at *8 (S.D. Fla. Aug. 12, 2014); *see also Anderson* at 248.

### VII.   *Conclusion*

Simply stated, the Plaintiff's Response fails to establish the presence of a genuine dispute introduce which would preclude the entry of summary judgment. He has failed to produce any competent or admissible evidence of the speed limit on the road at issue, or that the Defendant was speeding as he contends.

The Plaintiff has also failed to show that there is a genuine issue of fact as to whether Defendant failed to apply her brakes prior to the accident (and whether such an action could have allowed her to avoid the accident); has failed to show that the Defendant could have avoided the accident if she switched lanes; has failed to show that the Defendant was under an affirmative obligation to become familiar with local traffic laws; has failed to show that there is a genuine issue of fact as to whether Defendant warned Plaintiff of the subject accident; has failed to show that the Defendant could have avoided the accident if she reacted to Plaintiff's activated turning signal; and has not shown any evidence that the Defendant's conduct warrants the imposition of punitive damages. As such, the Plaintiff has failed to show the presence of specific facts showing a genuine issue for trial, and the entry of summary judgment in the Defendant's favor is proper.

WHEREFORE, Defendant Patricia Comery respectfully requests that this Honorable Court enter an order granting her motion for summary judgment, together with such other relief as the Court deems just and proper under the circumstances.

*Miller & Frank v. Comery / Comery v. Miller et al.*
Case No.: 0:14-cv-60223-RLR
Page **9** of **9**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Defendant's reply to the Plaintiff's response to the Defendant's Motion for Summary Judgment was sent to all counsel or parties of record on November 5, 2014 via CM/ECF.

**s/ Evan A. Zuckerman, Esq.**
Evan A. Zuckerman, Esq.
ezuckerman@florida-law.com
Florida Bar No.: 52974
Attorney for Defendant Patricia Comery
**VERNIS & BOWLING OF BROWARD, P.A.**
5821 Hollywood Blvd.
Hollywood, FL 33021
Tel: (954) 927-5330; Fax: (954) 927-5320