**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:14-CV-60223-ROSENBERG/BRANNON**

WALTER MILLER and MARY FRANK,

   Plaintiffs,

v.

PATRICIA COMERY,

   Defendant,

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF WALTER MILLER AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF MARY FRANK

THIS CAUSE is before the Court on Defendant Patricia Comery's Motion for Summary Judgment as to the claims of Plaintiff Walter Miller [DE 51] and Motion for Summary Judgment as to the claims of Plaintiff Mary Frank [DE 52]. The Court has considered the Defendant's motions, the Plaintiffs' responses thereto [DE 55 & DE 56], the Defendant's replies to those responses [DE 64 & DE 66], the parties' related submissions and the record in this case, as well as oral argument presented at a December 3, 2014 hearing on the Defendant's motions.[1]

At the hearing of December 3, 2014, the Defendant made an *ore tenus* motion to supplement her two Motions for Summary Judgment to incorporate the deposition testimony of non-party eyewitness Wilma Bowney. The Court granted that request and allowed the Defendant to provide the Court with the deposition transcript and a corresponding 1–2 page notice summarizing the transcript testimony by Monday, December 8, 2014. The Plaintiffs had five days from that date, until Monday, December 15, 2014, to file a supplemental response.

---

[1] The Plaintiffs did not appear at the hearing.

Although the Defendant timely filed her supplemental notice with the deposition transcript attached, the Plaintiffs have not filed any response to it.

The Court has reviewed the documents in the case file, as well as the arguments made at the hearing of December 3, 2014, and is otherwise fully advised in the premises. For the reasons set forth below, the Defendant's Motion for Summary Judgment as to the claims of Plaintiff Walter Miller [DE 51] and Motion for Summary Judgment as to the claims of Plaintiff Mary Frank [DE 52] are denied.

## I.      BACKGROUND

This negligence action arises out of an automobile accident. The undisputed facts show that on November 2, 2013, at approximately 3:30 PM, Plaintiff Walter Miller was driving a 2012 Chevrolet HHR owned by Plaintiff Mary Frank northbound along NE 18th Avenue towards its intersection with NE 52nd Street in Fort Lauderdale, Florida. DE 51 at 2; DE 55 at 3.[2] At approximately the same time, Defendant Patricia Comery was driving a 2012 Jeep Liberty in the left-most through lane of southbound NE 18th Avenue towards its intersection with NE 52nd Street. DE 51 at 2; DE 55 at 3. Plaintiff Miller pulled his vehicle into the left turn lane of NE 18th Avenue between the north and south-bound lanes. DE 51 at 3; DE 55 at 3. As he turned left, the front of Defendant's vehicle struck the front passenger side of the Plaintiffs' vehicle. DE 51 at 3; DE 55 at 3.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for

---

[2] Because the Defendant's Motions for Summary Judgments and the Plaintiffs' Responses are essentially the same, with the exception of the damages issue as to Plaintiff Mary Frank, the Court cites to the Motion for Summary Judgment Against Plaintiff Walter Miller and Plaintiff Walter Miller's Response throughout this Order.

summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).   A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247–48).   A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247–48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).   The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007).   Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).   Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).   Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).   Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

### III.    ANALYSIS

*A.    Liability*

Under Florida law,[3] "[t]o prevail in a negligence action, the plaintiff must show: (1) that the defendant owed a duty of reasonable care to the plaintiff; (2) that the defendant breached that duty; (3) that the breach was the proximate cause of the injury to the plaintiff; and (4) that the plaintiff suffered damages." *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F. Supp. 2d 1345, 1350 (S.D. Fla. 2008).

The Defendant argues that she is entitled to summary judgment because the record is devoid of any evidence that she breached her duty to the Plaintiffs to operate her motor vehicle in a reasonably safe manner. *See* DE 51 at 6. Contrary to the Defendant's assertions, however, the Court has identified the following disputed material facts:

1.  The speed at which the Defendant was going. The Defendant testified that she was going 35 to 40 miles per hour. DE 51 Ex. 2 at 59:25–60:13. Third-party eyewitness Wilma Bowney's deposition testimony supports this statement, insofar as Ms. Bowney testified that in her estimation, Defendant was going 20 to 25 miles per hour at the time of the accident. DE 92 Ex. 1 at 21:8–12. However, Plaintiff Miller testified at his deposition that three to five seconds before he turned left, there were no oncoming cars on the road. DE 51 Ex. 1 at 94:9–95:3. From this, a reasonable juror could determine that the Defendant was going faster than 35 to 40 miles per hour.

2.  Whether or not the Defendant applied her brakes. The Defendant testified at her deposition that she applied her brakes when Plaintiff Miller turned left in front of her. DE 51 Ex. 2 at 63:7–19. She also testified, however, that she was going 35 to 40 miles per hour at the time of the collision, the same speed at which she said she was driving prior to the collision, although she later clarified that she did slow down before the impact occurred. *Id.* at 60:10–13, 65:2–19. Plaintiff Miller testified that he did not hear the sound of a car braking. DE 51 Ex. 1 at 103:23–24. Ms. Bowney testified that she did not hear tires screeching, and did not recall seeing skid marks on the road. DE 92 Ex. 1 at 20:24–21:7.

3.  Whether or not the Defendant honked her horn. The Defendant testified at her deposition that she honked her horn just prior to the collision. DE 51 Ex. 2 at 63:7–19. Plaintiff Miller testified that he did not hear anyone honk their horn. DE

---

[3] It is not contested that Florida substantive law applies in this case.

51 Ex. 1 at 103:20–22. Ms. Bowney stated that she did not hear a horn, either. DE 92 Ex. 1 at 20:24–21:2.

The Court acknowledges that the record evidence is slim. However, "summary judgment procedures should be applied with special caution in negligence actions," *Holl v. Talcott*, 191 So. 2d 40, 46 (Fla. 1966), and Florida courts have reversed grants of summary judgment in favor of defendants on similar,[4] and more extreme,[5] facts. The handful of automobile negligence cases in which courts have affirmed grants of summary judgment in favor of defendants generally involve situations in which it is clear that an individual other than the defendant, often the plaintiff himself,[6] was the sole proximate cause of the plaintiff's injuries. That is not the case here, given the disputed material facts highlighted above. Summary judgment is denied as to liability.

---

[4] *U. S. Fire Ins. Co. v. Progressive Cas. Ins. Co.*, 362 So. 2d 414 (Fla. Dist. Ct. App. 1978), for example, involved a reversal of a summary judgment grant in favor of the defendant on strikingly similar facts. As here, the accident involved a left turn made by the car in which the plaintiff was a passenger, where oncoming traffic had the right of way. As here, the defendant hit the driver turning left because, according to the defendant, the left-turning car turned directly in front of him and he could not avoid the collision. As here, the plaintiff did not remember a horn honking or the sound of the oncoming driver applying his brakes. As here, there was a third-party eyewitness (a patrolman) whose testimony supported the defendant's account of events. The District Court of Appeals reversed the grant of summary judgment.

[5] *See, e.g.*, *Red Top Sedan v. Applebaum*, 495 So. 2d 786 (Fla. Dist. Ct. App. 1986) (per curiam) (reversing a grant of summary judgment in favor of a defendant, even though "all of the known witnesses to the accident gave testimony which in essence concluded that there was nothing that [the defendant] could do to avoid a collision with a phantom automobile that ran a stop sign and pulled out in front of him"); *Lynn v. Freedman*, 281 So. 2d 526, 527 (Fla. Dist. Ct. App. 1973) (per curiam) (reversing a grant of summary judgment in favor of the defendant, where the plaintiff had a semiamnesia condition and could not recall the events of the accident; the defendant's testimony was that she felt a "jolt" and turned to see the plaintiff's car leave the ground and strike a post; the court reversed the summary judgment grant after determining that "a jury might logically infer that the accident resulted from an attempt by appellee to leave her lane in preparation for an exit from the expressway," where the defendant testified she was planning to take an exit two exits away).

[6] In *Harper v. Mangel*, 151 So. 2d 346, 347 (Fla. Dist. Ct. App. 1963), the plaintiff was found to be the sole proximate cause of the accident, and the court affirmed summary judgment in favor of the defendant. *See also Vukovich v. Leo*, 447 So. 2d 1012, 1013 (Fla. Dist. Ct. App. 1984); *but see Shaw v. Pizza Hut of Am., Inc.*, No. 808-CV-27-T-24-EAJ, 2009 WL 591182, at *3 (M.D. Fla. Mar. 6, 2009) (distinguishing *Vukovich*, as no negligence on the part of the defendant was alleged in that case). However, *Harper* is distinguishable in at least one important respect: the plaintiff in *Harper* did not indicate he was preparing to turn, whereas here Plaintiffs were in the turning lane and Defendant herself admitted that it "looked like he was going to make a turn," although he was stopped. *See* DE 51 Ex. 2 at 63:7–19.

5

B.     *Damages*

    i.     Punitive Damages.

Both motions for summary judgment challenge the Plaintiffs' allegations of punitive damages. The Court is unwilling to state that the Plaintiffs are not entitled to punitive damages as a matter of law. Material facts remain in dispute, and "[t]he decision whether to award punitive damages and the amount that should be awarded have traditionally been questions for the jury to determine." *Owens-Corning Fiberglas Corp. v. Ballard*, 749 So. 2d 483, 486 (Fla. 1999). Summary judgment is denied as to punitive damages.

    ii.     Plaintiff Mary Frank's Damages.

Second, and only with respect to Plaintiff Mary Frank, the Defendant argues that she is entitled to summary judgment because Plaintiff Mary Frank has failed to meet the threshold requirement found in Florida Statute section 627.737(2). *See* DE 52 at 10–12. Under the terms of that provision, a plaintiff in specified tort actions involving automobile negligence must satisfy certain statutory prerequisites in order to recover non-economic damages, which are the only damages (as to Plaintiff Mary Frank) that the Defendant argues the record evidence supports.

Setting aside the underlying merits of the Defendant's argument, the Court does not believe that there is any record evidence to support application of the threshold requirement in the instant case. Section 627.737(2) applies to "any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405." On its own initiative, the Court has reviewed the record and has been unable to find evidence that "security has been provided as required by ss. 627.730-627.7405" with respect to the motor vehicle driven by the Defendant at the time of the accident. The Court finds that section 627.737(2)'s limitation consequently does not apply. *See*

*Dauksis v. State Farm Mut. Auto. Ins. Co.*, 623 So. 2d 455, 457 (Fla. 1993) ("In a suit against the uninsured motorist, [the plaintiff] could recover his damages for pain, suffering, mental anguish, and inconvenience without meeting the [section 627.737(2)] threshold because the uninsured motorist did not carry PIP coverage."). Summary judgment is denied as to Plaintiff Mary Frank's damages.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** as follows:

1.     Defendant's Motion for Summary Judgment against Walter Miller is hereby **DENIED**.

2.     Defendant's Motion for Summary Judgment against Mary Frank is hereby **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this <u>24th</u> day of December, 2014.

Copies furnished to:                      ROBIN L. ROSENBERG
Counsel of record                         UNITED STATES DISTRICT JUDGE